IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON D. COLLIER, #46829-177, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2337-M-BK |
| | § | (Criminal No. 3:13-CR-301-M-1) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

Petitioner pled guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), and was sentenced to 77 months' imprisonment. Crim. Doc. 23; Crim. Doc. 34. His sentence was affirmed on direct appeal on May 18, 2015. Crim. Doc. 48. On June 27, 2016, Petitioner filed this timely *pro se* motion to vacate sentence, seeking relief under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process.[1] Doc. 2 at 7.

---

[1] The Court deems the section 2255 motion filed on June 20, 2016, the date Petitioner placed it in the prison mailing system. Doc. 2 at 10. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

Petitioner's reliance on *Johnson* is misplaced. *Johnson* has no bearing on Petitioner's case, since his sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Rather the Presentence Report (PSR) (which was adopted at sentencing) calculated Petitioner's base offense level for felon in possession of a firearm (18 U.S.C. § 922(g)(1)) based on his prior conviction of a controlled substance offense and not of a crime a violence. *See* Crim. Doc. 26-1 at 6, PSR ¶ 22; Crim. Doc. 35 at 1, Statement of Reasons (SOR); *see also* U.S.S.G. § 2K2.1(a)(4)(A) (providing for a Base Offense Level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense"). Since only Petitioner's prior state conviction for unlawful delivery of a controlled substance was used to calculate his Base Offense Level, the Guidelines definition of "crime of violence"[2] was and is of no consequence.

Moreover, even assuming the Supreme Court finds *Johnson* retroactively applicable to

---

[2] As is relevant to Petitioner's claim, "crime of violence" is defined in U.S.S.G. § 4B1.2(a) (the career offender provision of the Sentencing Guidelines) and incorporated by reference in U.S.S.G. § 2K2.1 cmt. n.1.

the career offender provision of the Sentencing Guidelines, *see Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, ___ U.S. ___, 136 S. Ct. 2510 (2016), Petitioner still would not be entitled to any relief.  Again, Petitioner was not sentenced as a career offender and, thus, the career offender definition of crime of violence was not relevant to the calculation of his guideline sentencing range.  Moreover, his claims are not premised on a penal statute or Sentencing Guidelines provision that contains or incorporates any clause resembling the ones found unconstitutional in *Johnson*.  As such, the holding in *Johnson* is wholly inapplicable here.

### III. RECOMMENDATION

For the foregoing reasons, the motion to vacate sentence under 28 U.S.C. § 2255 should be summarily **DISMISSED WITH PREJUDICE**.

**SIGNED** January 10, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE